INSURANCE COMPANY OF THE WEST, a California Corporation, Plaintiff–counter–defendant–Appellant,

v.

GENERAL REINSURANCE CORPORATION, Defendant–counter–claimant–Appellee.

No. 00–55609.

D.C. No. CV–98–09022–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 2001.

Decided Oct. 18, 2001.

Before O'SCANNLAIN, and PAEZ, Circuit Judges, and KING,* District Judge.

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM **

Insurance Company of the West ("ICW") appeals an adverse summary judgment in favor of General Reinsurance Corporation in this diversity jurisdiction suit regarding the scope a release agreement. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We agree with the district court that the release language is unambiguous. The contract also contains a merger clause. The district court thus properly refused to consider extrinsic evidence of intent, especially as between these two sophisticated commercial parties. *See Tallmadge Bros., Inc. v. Iroquois Gas Transmission Sys., L.P.,* 252 Conn. 479, 746 A.2d 1277, 1290–91 (2000). Likewise, it was not necessary to continue the summary judgment proceedings under Fed.R.Civ.P. 56(f) to allow for discovery of such evidence.

We also agree with the district court that the exception to the parol evidence rule for fraud or mistake does not apply here. If there was a mistake, it was unilateral and would work, at most, only to rescind the entire agreement. *See, e.g., Gebbie v. Cadle Co.,* 49 Conn.App. 265, 714 A.2d 678, 684 (1998). ICW's complaint was for declaratory relief; it did not seek rescission. The argument for rescission was not made to the district court and was waived. *See, e.g., Broad v. Sealaska Corp.,* 85 F.3d 422, 430 (9th Cir.1996) ("To have been properly raised below, the argument must be raised sufficiently for the trial court to rule on it.") (quotation marks omitted). Moreover, the mistake exception also does not apply because, as the district court found, enforcement of the

contract was not unconscionable. *See Gebbie,* 714 A.2d at 684.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.